# EXHIBIT 1

CC482539

| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| | No. 2284CV00603 (B) | The Superior Court |

| CASE NAME: | | |
|---|---|---|
| JANE DOE No. 101 <br><br> Plaintiff(s) <br><br> vs. <br><br> MORGAN A. SETO, STANLEY SETO, LORRAINE CECERE SETO, and CITY OF BOSTON <br><br> Defendant(s) | FORWARDED BY THE CITY CLERK TO THE <br><br> JUN 10 2022 <br><br> LAW DEPARTMENT | Michael Joseph Donovan   Clerk of Courts <br> Suffolk   County <br> COURT NAME & ADDRESS: <br> SUPERIOR CIVIL COURT <br> SUFFOLK COUNTY COURTHOUSE <br> THREE PEMBERTON SQ., 12th Floor <br> BOSTON, MASSACHUSETTS 02108 |

CITY OF BOSTON

THIS SUMMONS IS DIRECTED TO _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square, Boston, MA 02108 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Carmen L. Durso, Esquire, Law Office of Carmen L. Durso, 175 Federal Street, Suite 505, Boston, MA 02110-2211, 617-728-9123 / carmen@dursolaw.com

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A true copy Attest: Joseph P. Casey
Deputy Sheriff Suffolk County
6-10-22

rev. 1/2019

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on June 6, 2022. (Seal)

Clerk-Magistrate Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____        Signature: _____

**N.B.  TO PROCESS SERVER:**
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                            C. A. No. 2284 CV 00603(B)

JANE DOE No. 101,                )
         Plaintiff               )
                                 )
v.                               )          **COMPLAINT**
                                 )
MORGAN A. SETO, STANLEY SETO,    )          **JURY TRIAL DEMANDED**
LORRAINE CECERE SETO, and        )
CITY OF BOSTON,                  )
         Defendants              )

1. This action against the CITY OF BOSTON arises out of incidents in which Plaintiff, a student at BOSTON ARTS ACADEMY, was sexually assaulted and digitally raped by another student, due to the negligence of his parents. Subsequently, employees of the CITY OF BOSTON discriminated and retaliated against Plaintiff - a victim of sexual abuse - contrary to their obligations under Title IX 20 U.S.C. § 1681.

**PARTIES**

2. Plaintiff is an individual who brings this action in the name of JANE DOE No. 101 ("JANE"). She is identified in a separate Affidavit which will be served upon the defendants.

3. Defendant MORGAN A. SETO ("MORGAN") is an individual with a usual place of residence at 11 Sheldon Street, Boston, Suffolk County, Massachusetts.

4. Defendants STANLEY SETO and LORRAINE CECERE SETO are individuals with a usual place of residence at 11 Sheldon Street, Boston, Suffolk County, Massachusetts.

5. Defendant CITY OF BOSTON ("BOSTON") is a municipal corporation duly

organized under laws of Commonwealth of Massachusetts, located in Suffolk County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. Defendant BOSTON is a public entity and, through its public school system, maintains educational institutions which receive federal funds and assistance.

7. At all relevant times, defendant BOSTON, through its Public School System, owned, operated, maintained, managed, supervised, and controlled, by and through its agents, servants, and employees, that institution commonly known as BOSTON ARTS ACADEMY ("BAA").

8. BAA is a High School, formerly located at 174 Ipswich Street, Boston, and is a school within the BOSTON Public School System.

9. At all times relevant to this action, defendant BOSTON employed all school staff, faculty, counselors, and principals at BAA.

10. At all times relevant and in all actions described in this Complaint, BOSTON's employees, were acting under the color of law, under the color of their authority as members of the BOSTON Public Schools, and within the scope of their employment with the BOSTON.

11. At all times relevant to this action, defendant MORGAN was a student at BAA.

12. At all times relevant to this action, defendants STANLEY SETO and LORRAINE CECERE SETO ("Parents") were defendant MORGAN's parents, with whom he lived, at 11 Sheldon Street, Boston.

13. At all times relevant to this action, JANE was a student at BAA.

14. JANE was invited to a Christmas party at the Parent's home.

15. On about December 23, 2017, when JANE was 16 years old, defendant MORGAN grabbed her breasts, dragged her upstairs to a bedroom where he ripped off her underpants, and digitally penetrated her vagina, forcefully, and without her consent, while she was an invited guest in the Parent's home.

16. Defendant Parents were not at home during the party, and left the students, including MORGAN, all of whom were minors, unsupervised, with free access to alcoholic beverages.

17. Defendant MORGAN was a classmate of JANE at BAA.

18. After the assault she was forced to see him on a daily basis.

19. Defendant MORGAN kept JANE's underpants, as a "trophy," and he told other students what he had done.

20. JANE was sexually harassed and bullied by other students, including a girl who was, or wanted to be, MORGAN's girlfriend.

21. JANE told the school nurse about the assault in February 2018.

22. In 2019, JANE told other teachers about the assault, but no action was taken to separate her from MORGAN, or to stop the constant harassment.

23. JANE was forced to be in class with MORGAN every day.

24. JANE had to quit school in 2019, and never graduated from high school.

25. JANE was diagnosed with Post-Traumatic Stress Disorder in 2020.

26. JANE has had constant mental health treatment since 2019, and continues in treatment at the present time.

27. Defendant BOSTON through BOSTON Public Schools is an educational institution as defined by 20 U.S.C.A. § 1681(c), Title IX, Education Amendments of 1972

(hereinafter "Title IX") which receives federal financial assistance.

28. Defendant BOSTON is a public entity and, through its public school system, maintains educational institutions, including BAA, which Plaintiff believes and therefore avers, receive federal assistance.

29. Defendant BOSTON receives federal funds through a variety of educational programs. As a result, even if it were not obligated to do so under state law, BOSTON was required to adopt and implement sexual harassment policies under Title IX.

30. During JANE's education, employees of BOSTON retaliated against JANE for pursuing her rights under Title IX in that they forced her to be in contact with defendant MORGAN on a daily basis even though they knew of JANE's history of sexual assault.

31. JANE's academic performance suffered for years and she was forced to leave school without graduating.

32. JANE was a BOSTON Public Schools student who was subjected to harassment based on her gender. This harassment was sufficiently severe and pervasive to create an abusive educational environment and persisted as a result of the deliberate indifference of the Staff at every level of authority.

33. JANE sought academic support and treatment for PTSD symptoms, which resulted from sexual abuse by another student.

34. The Staff refused to provide any type of treatment or academic support to JANE because she was a female seeking mental, emotional, and academic support for symptoms that resulted from sexual abuse.

35. Such a refusal is discrimination, a form of harassment under Title IX based on gender.

36. BOSTON's failure to recognize JANE's PTSD, which was caused by sexual abuse, and to provide treatment was unreasonable in light of known circumstances.

37. As a result of the BOSTON's refusal to provide JANE with treatment for her PTSD, BOSTON failed to provide JANE with equal access to educational opportunities and benefits.

38. The Staff were deliberately indifferent to JANE's need for mental, emotional, and academic support for symptoms that resulted from sexual abuse by another student.

## COUNT I

39. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

40. Defendant BOSTON violated the Plaintiff's rights as a resident of the United States pursuant to 42 U.S.C. § 1983 and § 1988.

## COUNT II

41. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

42. Defendant BOSTON violated the Plaintiff's rights as a resident of the United States under 20 U.S.C. §§ 1681-1686.

## COUNT III

43. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

44. Defendant MORGAN battered the plaintiff JANE, by engaging in unlawful and non-consensual sexual conduct with her.

## COUNT IV

45. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

46. Defendant MORGAN assaulted the plaintiff JANE, by placing her in fear that he would engage, and would continue to engage, in unlawful and non-consensual sexual conduct with her.

## COUNT V

47. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

48. Defendant MORGAN negligently inflicted emotional distress upon the plaintiff JANE.

## COUNT VI

49. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

50. Defendant MORGAN intentionally inflicted emotional distress upon the plaintiff JANE.

## COUNT VII

51. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

52. Defendant MORGAN interfered with plaintiff JANE's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

53. Defendant MORGAN's conduct deprived plaintiff JANE of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. He is liable to the plaintiff in accordance with G.L. c. 12, §11H and 11I.

54. Plaintiff JANE suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## COUNT VIII

55. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

56. Defendants STANLEY SETO and LORRAINE CECERE SETO negligently supervised defendant MORGAN, and enabled him to sexually assault JANE.

## COUNT IX

57. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

58. Defendants STANLEY SETO and LORRAINE CECERE SETO negligently inflicted emotional distress upon JANE.

## RELIEF REQUESTED

Wherefore, the Plaintiff demands judgment against the defendants on each of the Counts, in an amount to be determined by a jury, as compensatory damages, and as

punitive damages where appropriate, plus costs, interests, and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**.

By her Attorney,

*/s/ Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
175 Federal Street, Suite 505
Boston, MA 02110-2211
617-728-9123  /  *carmen@dursolaw.com*

March 16, 2022

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts <br> The Superior Court  |
|---|---|---|
| | | COUNTY: Suffolk Superior Court (Boston) |

| Plaintiff: JANE DOE No. 101 | Defendant: MORGAN A. SETO, STANLEY SETO, LORRAINE CECERE SETO, CITY OF BOSTON |
|---|---|
| ADDRESS: | ADDRESS: |
| Plaintiff Attorney: CARMEN L. DURSO, ESQ. | Defendant Attorney: |
| ADDRESS: 175 Federal Street, Suite 505, Boston, MA 02110-2211 | ADDRESS: |
| T: 617-728-9123 / E: carmen@dursolaw.com | |
| BBO: 139340 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | OTHER TORIOUS ACTION | F | ☒ YES  ☐ NO |

*If "Other" please describe: SEXUAL ASSAULT & BATTERY

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses ........................................................................................... $25,000.00
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

  Subtotal (1-5): **$25,000.00**

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses ........................... $100,000.00
E. Reasonably anticipated lost wages ...................................................................... $1,000,000.00
F. Other documented items of damages (describe below)

TOTAL (A-F): **$1,125,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Minor Plaintiff sexually assaulted/complex PTSD/didn't graduate high school affecting future earnings

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/ CARMEN L. DURSO     Date: March 16, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /s/ CARMEN L DURSO     Date: March 16, 2022

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2284CV00603 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Jane Doe No 101 vs. Morgan A Seto et al | | Michael Joseph Donovan, Clerk of Court |
| TO: Carmen L Durso, Esq.<br>Law Office Carmen L. Durso<br>175 Federal St<br>Suite 505<br>Boston, MA 02110-2211 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**        **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/15/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 07/15/2022 | |
| All motions under MRCP 12, 19, and 20 | 07/15/2022 | 08/15/2022 | 09/13/2022 |
| All motions under MRCP 15 | 07/15/2022 | 08/15/2022 | 09/13/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/11/2023 | | |
| All motions under MRCP 56 | 02/10/2023 | 03/13/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/10/2023 |
| Case shall be resolved and judgment shall issue by | | | 03/18/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>04/28/2022 | ASSISTANT CLERK<br>Christine M Hayes | PHONE<br>(617)788-8107 |
|---|---|---|

Date/Time Printed: 04-28-2022 15:38:13     SCV026\ 08/2018