UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*************************************************
                                        *
JANE DOE No. 101,                       *
          Plaintiff                     *
                                        *
v.                                      *     C. A. No.  22-cv-10917-NMG
                                        *
MORGAN A. SETO, STANLEY SETO,           *
LORRAINE CECERE SETO, and               *
CITY OF BOSTON,                         *     JURY TRIAL DEMANDED
          Defendants                    *
                                        *
*************************************************
```

## AMENDED COMPLAINT

1. This action against the CITY OF BOSTON arises out of incidents in which Plaintiff, a student at BOSTON ARTS ACADEMY, was sexually assaulted and digitally raped by another student, due to the negligence of his parents.  Subsequently, employees of the CITY OF BOSTON discriminated and retaliated against Plaintiff  - a victim of sexual abuse  - contrary to their obligations under Title IX 20 U.S.C. § 1681.

### PARTIES

2. Plaintiff is an individual who brings this action in the name of JANE DOE No. 101 ("JANE"). She is identified in a separate Affidavit which will be served upon the defendants.

3. Defendant MORGAN A. SETO ("MORGAN") is an individual with a usual place of residence at 11 Sheldon Street, Boston, Suffolk County, Massachusetts.

4. Defendants STANLEY SETO and LORRAINE CECERE SETO are individuals with a usual place of residence at 11 Sheldon Street, Boston, Suffolk County, Massachusetts.

5. Defendant CITY OF BOSTON ("BOSTON") is a municipal corporation duty organized under laws of Commonwealth of Massachusetts, located in Suffolk County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. Defendant BOSTON is a public entity and, through its public school system, maintains educational institutions which receive federal funds and assistance.

7. At all relevant times, defendant BOSTON, through its Public School System, owned, operated, maintained, managed, supervised, and controlled, by and through its agents, servants, and employees, that institution commonly known as BOSTON ARTS ACADEMY ("BAA").

8. BAA is a High School, formerly located at 174 Ipswich Street, Boston, and is a school within the BOSTON Public School System.

9. At all times relevant to this action, defendant BOSTON employed all school staff, faculty, counselors, and principals at BAA.

10. At all times relevant and in all actions described in this Complaint, BOSTON's employees, were acting under the color of law, under the color of their authority as members of the BOSTON Public Schools, and within the scope of their employment with the BOSTON.

11. At all times relevant to this action, defendant MORGAN was a student at BAA.

12. At all times relevant to this action, defendants STANLEY SETO and LORRAINE CECERE SETO ("Parents") were defendant MORGAN's parents, with whom he lived, at 11 Sheldon Street, Boston.

13. At all times relevant to this action, JANE was a student at BAA.

14. JANE was invited to a Christmas party at the Parent's home.

15. On about December 23, 2017, when JANE was 16 years old, defendant MORGAN grabbed her breasts, dragged her upstairs to a bedroom where he ripped off her underpants, and digitally penetrated her vagina, forcefully, and without her consent, while she was an invited guest in the Parent's home.

16. Defendant Parents were not at home during the party, and left the students, including MORGAN, all of whom were minors, unsupervised, with free access to alcoholic beverages.

17. Defendant MORGAN was a classmate of JANE at BAA.

18. After the assault she was forced to see him on a daily basis.

19. Defendant MORGAN kept JANE's underpants, as a "trophy," and he told other students what he had done.

20. JANE was sexually harassed and bullied by Defendant MORGAN's classmates, including a girl who was, or wanted to be, MORGAN's girlfriend.

21. Defendant MORGAN's classmates told JANE that the assault was not a big deal, and she should not tell anyone because she will ruin Defendant MORGAN's life.

22. JANE appeared visibly upset and distraught in each of her classes taught by Mr. Telemaque, Ms. Olton, and Mr. Edwards because she was forced to see Defendant MORGAN and experienced constant harassment by MORGAN's friends.

23. JANE told her teacher, Ms. Olton, about the assault in 2018.

24. JANE was still being sexually harassed and bullied by Defendant MORGAN's friends after speaking with Ms. Olton.

25. JANE told a classmate, Amanda, about the assault, and Defendant MORGAN's

classmates reprimanded JANE for doing so and continued to harass her.

26. JANE was forced to be in class with MORGAN every day.

27. In 2019, JANE told Ms. Moore, a health and wellness teacher, about the assault, and told her that she wanted her schedule changed so she did not have to see Defendant MORGAN in class every day.

28. Ms. Moore told JANE she would speak with Mr. Vasquez, the Dean of Students, about the assault and sexual harassment so that action could be taken to place JANE in a safer learning environment.

29. After JANE's conversation with Ms. Moore, no action was taken by Mr. Vasquez to separate her from MORGAN, or to stop the constant harassment.

30. Mr. Vasquez never contacted or attempted to contact JANE.

31. JANE also spoke with Dr. Jackman, the head of the health and wellness department at BOSTON ARTS ACADEMY, and Ms. Randolph about the assault and harassment.

32. JANE continued to be harassed after speaking with Dr. Jackman and Ms. Randolph, and she was still in the same classes as MORGAN.

33. JANE had to quit school in 2019, and never graduated from high school.

34. JANE was diagnosed with Post-Traumatic Stress Disorder in 2020.

35. JANE has had constant mental health treatment since 2019, and continues in treatment at the present time.

36. Defendant BOSTON through BOSTON Public Schools is an educational institution as defined by 20 U.S.C.A. § 1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") which receives federal financial assistance.

37. Defendant BOSTON is a public entity and, through its public school system, maintains educational institutions, including BAA, which Plaintiff believes and therefore avers, receive federal assistance.

38. Defendant BOSTON receives federal funds through a variety of educational programs. As a result, even if it were not obligated to do so under state law, BOSTON was required to adopt and implement sexual harassment policies under Title IX.

39. During JANE's education, employees of BOSTON retaliated against JANE for pursuing her rights under Title IX in that they forced her to be in contact with defendant MORGAN on a daily basis even though they knew of JANE's history of sexual assault.

40. JANE's academic performance suffered for years and she was forced to leave school without graduating.

41. JANE was a BOSTON Public Schools student who was subjected to harassment based on her gender. This harassment was sufficiently severe and pervasive to create an abusive educational environment and persisted as a result of the deliberate indifference of the Staff at every level of authority.

42. JANE sought academic support and treatment for PTSD symptoms, which resulted from sexual abuse by another student.

43. The Staff refused to provide any type of treatment or academic support to JANE because she was a female seeking mental, emotional, and academic support for symptoms that resulted from sexual abuse.

44. Such a refusal is discrimination, a form of harassment under Title IX based on

gender.

45. BOSTON's failure to recognize JANE's PTSD, which was caused by sexual abuse, and to provide treatment was unreasonable in light of known circumstances.

46. As a result of the BOSTON's refusal to provide JANE with treatment for her PTSD, BOSTON failed to provide JANE with equal access to educational opportunities and benefits.

47. The Staff were deliberately indifferent to JANE's need for mental, emotional, and academic support for symptoms that resulted from sexual abuse by another student.

## COUNT I

48. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

49. Defendant BOSTON violated the Plaintiff's rights as a resident of the United States pursuant to 42 U.S.C. § 1983 and § 1988.

## COUNT II

50. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

51. Defendant BOSTON violated the Plaintiff's rights as a resident of the United States under 20 U.S.C. §§ 1681-1686.

## COUNT III

52. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

53. Defendant MORGAN battered the plaintiff JANE, by engaging in unlawful and

non-consensual sexual conduct with her.

## COUNT IV

54. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

55. Defendant MORGAN assaulted the plaintiff JANE, by placing her in fear that he would engage, and would continue to engage, in unlawful and non-consensual sexual conduct with her.

## COUNT V

56. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

57. Defendant MORGAN negligently inflicted emotional distress upon the plaintiff JANE.

## COUNT VI

58. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

59. Defendant MORGAN intentionally inflicted emotional distress upon the plaintiff JANE.

## COUNT VII

60. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

61. Defendant MORGAN interfered with plaintiff JANE's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

62. Defendant MORGAN's conduct deprived plaintiff JANE of her constitutional rights

to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. He is liable to the plaintiff in accordance with G.L. c. 12, §11H and 11I.

63. Plaintiff JANE suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## COUNT VIII

64. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

65. Defendants STANLEY SETO and LORRAINE CECERE SETO negligently supervised defendant MORGAN, and enabled him to sexually assault JANE.

## COUNT IX

66. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

67. Defendants STANLEY SETO and LORRAINE CECERE SETO negligently inflicted emotional distress upon JANE.

## RELIEF REQUESTED

Wherefore, the Plaintiff demands judgment against the defendants on each of the Counts, in an amount to be determined by a jury, as compensatory damages, and as punitive damages where appropriate, plus costs, interests, and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**.

        By her Attorney,

        */s/ Carmen L. Durso*
        CARMEN L. DURSO, ESQUIRE
        BBO # 139340
        Law Office of Carmen L. Durso
        175 Federal Street, Suite 505
        Boston, MA 02110-2211
        617-728-9123  /  carmen@dursolaw.com
        July 28, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on July 28, 2022.

        */s/ Carmen L. Durso*
        CARMEN L. DURSO