UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE No. 101,

        Plaintiff,

MORGAN A. SETO, STANLEY SETO,
LORRAINE CECERE SETO, AND CITY OF
BOSTON,

        Defendants.

C.A. NO.: 1:22-CV-10917

**DEFENDANTS, LORRAINE CECERE SETO AND STANLEY SETO'S ANSWER,
AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

The Defendants, Lorraine Cecere Seto and Stanley Seto ( "Defendants"), by and through

their counsel, hereby answer Plaintiff, Jane Doe No. 101's ("Plaintiff") Amended Complaint with

Jury Demand ("Amended Complaint") as follows:

1.  Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

**PARTIES**

2.  Defendants are without sufficient knowledge or information to admit or deny the

    allegations set forth in Paragraph 2 of the Complaint.

3.  Defendants are without sufficient knowledge or information to admit or deny the

    allegations set forth in Paragraph 3 of the Complaint.

4.  Defendant, Lorraine Seto admits that she resides at 11 Sheldon Street, Boston,

    Massachusetts. Defendant, Stanley Seto, denies that he resides at 11 Sheldon Street,

    Boston, Massachusetts.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

## FACT COMMON TO ALL COUNTS

6. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the defendant, Morgan Seto was a student at BAA.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations of inappropriate touching set forth in Paragraph 15 of the Complaint. Further answering, Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Compliant.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 22 of the Complaint.

23.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of the Complaint.

35.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 47 of the Complaint.

**COUNT I**

48. No response is required as Paragraph 48 of the Complaint is a paragraph incorporating those allegations previously made.

49. No response is required as Paragraph 49 of the Complaint is not directed towards the Defendants.

## COUNT II

50. No response is required as Paragraph 50 of the Complaint is a paragraph incorporating those allegations previously made.

51. No response is required as Paragraph 51 of the Complaint is not directed towards the Defendants.

## COUNT III

52. No response is required as Paragraph 52 of the Complaint is a paragraph incorporating those allegations previously made.

53. No response is required as Paragraph 53 of the Complaint is not directed towards the Defendants.

## COUNT IV

54. No response is required as Paragraph 54 of the Complaint is a paragraph incorporating those allegations previously made.

55. No response is required as Paragraph 55 of the Complaint is not directed towards the Defendants.

## COUNT V

56. No response is required as Paragraph 56 of the Complaint is a paragraph incorporating those allegations previously made.

57. No response is required as Paragraph 57 of the Complaint is not directed towards the Defendants.

**COUNT VI**

58. No response is required as Paragraph 58 of the Complaint is a paragraph incorporating those allegations previously made.

59. No response is required as Paragraph 59 of the Complaint is not directed towards the Defendants.

**COUNT VII**

60. No response is required as Paragraph 60 of the Complaint is a paragraph incorporating those allegations previously made.

61. No response is required as Paragraph 61 of the Complaint is not directed towards the Defendants.

62. No response is required as Paragraph 62 of the Complaint is not directed towards the Defendants.

63. No response is required as Paragraph 63 of the Complaint is not directed towards the Defendants.

**COUNT VIII**

64. No response is required as Paragraph 64 of the Complaint is a paragraph incorporating those allegations previously made.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

**COUNT IX**

66. No response is required as Paragraph 66 of the Complaint is a paragraph incorporating those allegations previously made.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses and does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. The affirmative defenses stated herein are not intended nor shall be construed as an admission by the Defendants.

### First Affirmative Defense

Plaintiff failed to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and/or repose.

### Third Affirmative Defense

If Plaintiff was injured as alleged in the Complaint, any such injuries were a result of acts or omissions of persons or entities over whom Defendants had no control and for whose conduct Defendants are not responsible.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

### Fifth Affirmative Defense

Plaintiff cannot prove any facts showing that the conduct of the Defendants were the cause in fact of any alleged injuries suffered by Plaintiff, as alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiff cannot prove any facts showing that the conduct of the Defendants was the proximate cause of any injuries or damages suffered by Plaintiff, as alleged in the Complaint.

### Seventh Affirmative Defense

Plaintiff's alleged damages were the result of intervening and/or superseding cause(s).

### Eighth Affirmative Defense

Plaintiff's claims are barred by a lack of proof.

### Nineth Affirmative Defense

Plaintiff's claims are barred because there is no breach of duty of care.

### Tenth Affirmative Defense

Plaintiff failed to name a necessary party to the within action.

### Eleventh Affirmative Defense

Defendants hereby give notice that it intends to rely upon any and all such other defenses as may become apparent during the course of discovery and, further, reserves the right to amend this Answer to assert such additional Affirmative Defenses.

**WHEREFORE**, Defendants Lorraine Cecere Seto and Stanley Seto, respectfully request that this Honorable Court issue an ORDER dismissing the claims against them and award them the reasonable attorneys' fees and costs they have incurred in the defense of this action.

### JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

Respectfully Submitted,

DEFENDANTS STANLEY AND LORRAINE
CECERE SETO

By Their Attorneys,

_____

Kenneth B. Walton, BBO No. 18726
Hannah E. Tavella, BBO No. 704000
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, 3rd Floor
Boston, MA 02110
(857) 313-3950
Ken.Walton@lewisbrisbois.com
Hannah.Tavella@lewisbrisbois.com

Date:  August 17, 2022

## **CERTIFICATE OF SERVICE**

I, Hannah E. Tavella, hereby certify that on the 17th day of August, 2022, I caused a true and accurate copy of the foregoing document to be served through the Court's CM/ECF Service.

*/s/ Hannah Tavella*

_____

Hannah E. Tavella