```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| **Jane Doe No. 101,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **City of Boston, et al.,** ) <br> ) <br> Defendants. ) <br> ) | <br><br><br><br> Civil Action No. <br> 22-10917-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the alleged sexual assault and subsequent harassment of plaintiff Jane Doe ("Doe" or "plaintiff"). Plaintiff has filed a nine-count complaint against the City of Boston ("the City" or "defendant"), the individual who is alleged to have assaulted her ("M.S.") and his parents. Pending before the Court is the City's motion to dismiss both counts asserted against it -- violation of Doe's constitutional rights under 42 U.S.C. §§ 1983 and 1988 (Count I) and violation of her statutory rights under 20 U.S.C. §§ 1681-1686 [hereinafter "Title IX"] (Count II). See Docket No. 38. For the reasons that follow, the motion will be allowed, in part, and denied, in part.

I.  **Background**

   A.  **Factual Background**

   The following facts are taken from the amended complaint and accepted as true for the purpose of the pending motion. Plaintiff was sexually assaulted by a high school classmate, defendant M.S., during a Christmas party in December, 2017. At that party, which was held at his parents' house and unsupervised by any adults, M.S. grabbed Doe's breasts and digitally penetrated her without consent. Doe and M.S. were classmates at Boston Arts Academy ("BAA"), a school operated and controlled by the City of Boston through its public school system ("Boston Public Schools" or "BPS").

   After the assault took place, Doe was forced to be present with M.S. at school on a daily basis and was harassed and bullied by her classmates at BAA. For instance, M.S. bragged to other students about what he had done and those students then told Doe the assault "was not a big deal" and warned her to keep quiet about it to avoid ruining M.S.'s life. Plaintiff reported the sexual assault to her teacher, Ms. Olton, at some point in 2018 and then to other school employees in 2019. She also requested that her class schedule be changed so that she would not have to be in class with M.S. every day.

   BPS failed to separate Doe and M.S. and did not take any actions to stop or prevent the harassment and bullying that

plaintiff reported. Doe allegedly suffered severe emotional distress and ultimately quit BAA without graduating from high school.

### B.  Procedural History

Doe filed suit in Suffolk County Superior Court in March, 2022. The City timely removed the action to this Court. Plaintiff filed an amended complaint in July, 2022, which M.S. and his parents answered separately. In September, 2022, the City moved to dismiss Counts I and II, which are the only claims asserted against it.

## II.  Defendant's Motion to Dismiss

### A.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson, 987 F.2d at 3). For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

**B.  Application**

Plaintiff concedes to the dismissal of her claims under 42 U.S.C. § 1983 (Count I), which will therefore be dismissed. She opposes dismissal of her claims under Title IX (Count II). For the reasons that follow, the Court concludes that dismissal of Count II is unwarranted at this stage of the proceedings.

### 1. Title IX -- 20 U.S.C. § 1681

Title IX provides that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]

20 U.S.C. § 1681(a).

In order to state a claim for student-on-student harassment under Title IX, a plaintiff must allege:

> (1) that he or she was subject to severe, pervasive, and objectively offensive sexual harassment by a school peer, . . .
>
> (2) that the harassment caused the plaintiff to be deprived of educational opportunities or benefits[,]
>
> (3) [that the defendant receiving federal funding] knew of the harassment,
>
> (4) in its programs or activities and
>
> (5) it was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances.

Porto v. Town of Tewksbury, 488 F.3d 67, 72-73 (1st Cir. 2007) (internal quotation marks omitted) (citing Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999)).

In the memorandum in support of its motion to dismiss, the City focuses on whether plaintiff has alleged harassment which is "severe, pervasive, and objectively offensive." The City contends that Doe's allegations of "constant harassment" are vague and conclusory and that her more specific allegations do

not rise to the level of severity contemplated by Title IX.  Doe responds that her allegations of being required to attend classes with M.S. and to be exposed to continuing harassment from BAA students constitute severe and objectively offensive harassment because they took place after she was sexually assaulted.

Multiple out-of-circuit cases provide support for plaintiff's contention.  In Kelly, the District Court of Connecticut held that

> further encounters, of any sort, between a rape victim and her attacker could create an environment sufficiently hostile to deprive the victim of access to educational opportunities[.]

Kelly v. Yale Univ., No. 3:01-CV-1591, 2003 WL 1563424, at *3 (D. Conn. Mar. 26, 2003).

In another case, the plaintiff alleged that she was forced to go to school with her attacker and was harassed by his friends. Doe ex rel. Doe v. Derby Bd. of Educ., 451 F. Supp. 2d 438, 444-45 (D. Conn. 2006).  At summary judgment, the court explained that such allegations presented a genuine issue of material fact as to whether being "in the same building" with her attacker was distressing enough to precipitate plaintiff's transfer from the school. Id. at 445; see also L.E. v. Lakeland Joint Sch. Dist. #272, 403 F. Supp. 3d 888, 903 (D. Idaho 2019) (noting that "the mere fact that L.E. continued to see and

- 6 -

interact with his attackers at school may be enough to" establish severe, pervasive and objectively offensive harassment).

The cases cited by the City are inapposite because they address allegations of bullying and harassment that did not arise out of an alleged sexual assault. See Hankey v. Town of Concord-Carlisle, 136 F. Supp. 3d 52, 65-68 (D. Mass. 2015) (holding at summary judgment that year-long course of "gender-neutral bullying and threats" with only one use of a gender-specific slur did not support a Title IX claim); Morgan v. Town of Lexington, 823 F.3d 737, 744-45 (1st Cir. 2016) (finding that allegations of bullying were not actionable under Title IX when only a single incident could "even arguably be deemed sex-based").

Thus, the City is correct that the allegations of post-assault harassment and bullying in the case at bar would be insufficient, if viewed in isolation, to establish "severe, pervasive, and objectively offensive" harassment on the basis of sex. It does not follow, however, that such allegations are inadequate in the context of an alleged sexual assault and Doe's subsequent, daily contact with M.S. and her harassers at school. Plaintiff's allegations, in view of those surrounding circumstances, are sufficient to state a claim under Title IX at this stage of the proceedings. See Davis, 526 U.S. at 651

(explaining that conduct rises to the level of being actionable under Title IX depending "on a constellation of surrounding circumstances, expectations, and relationships") (quoting Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 82 (1998)). Count II of the amended complaint will not, therefore, be dismissed.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 38), as to Count I, is **ALLOWED** and, as to Count II, is **DENIED**.

**So ordered.**

      /s/ Nathaniel M. Gorton
   Nathaniel M. Gorton
   United States District Judge

Dated: May 3, 2023